S. C. TRIMBLE *et al.*, Respondents, v. KEER, ROUNTREE MERCANTILE COMPANY *et al.*, Appellants.

### St. Louis Court of Appeals, March 5, 1894.

1. **Agency**: LAW AND FACT. Whether the evidence in a cause is sufficient to warrant the finding of an alleged agency, is a question of law for the court.

2. **Unrecorded Chattel Mortgage**: EFFECT OF ENTRY INTO POSSESSION BY MORTGAGEE. The omission of parties to record a chattel mortgage is cured by the entry of the mortgagee into the possession of the property before the accrual of an adverse right.

3. **Replevin**: COUNSEL FEES AS DAMAGES. Counsel fees and expenses incurred in the prosecution of an action of replevin cannot be recovered as a part of the damages in that action.

*Appeal from the Webster Circuit Court.*—HON. ARGUS COX, Judge.

REVERSED AND REMANDED.

*Sebree & Tatlow* for appellants.

No brief filed for respondent.

ROMBAUER, P. J.—This action, instituted on August 5, 1890, is replevin for one hundred and forty-one pieces of piling. The answer is a general denial. The possession of the property was delivered under the writ by the officer to the plaintiffs, and upon the trial the jury found a verdict for them for the possession and $50 damages, and judgment was entered accordingly. The defendants, who appeal, assign for error that the plaintiffs were not entitled to recover upon their own showing, and that the court should have so instructed the jury. The defendants further complain that the court admitted illegal evidence against them, and erred in its instructions to the jury.

The evidence of the plaintiffs tended to show that they employed one Kirk, a merchant, to buy piling for them, for which purpose they advanced him money from time to time. They did not employ Kirk at any stated compensation. The arrangement was, that Kirk should buy the piling, and that the plaintiffs would then take it *off his hands, after inspection,* at so much a foot. The plaintiffs were not bound by any contract Kirk made, and they paid him for the good piling only, he losing the culls. Shortly before the institution of this suit, the plaintiffs sent a man to inspect a lot of piling thus bought, who went to Kirk's place and there inspected and accepted the piling in controversy, and marked the same with an iron brand, but left the piling in Kirk's yard. The agent of the plaintiffs made a *settlement* with Kirk at the same time, by which it appeared that, after allowing to Kirk the price of the piling at the agreed rate, Kirk still remained in debt to the plaintiffs for a slight amount.

On the other hand, the defendants, gave evidence tending to show that in June, 1890, Kirk and Liggett, a firm of which said Kirk was a member, executed a mortgage or trust deed, conveying the piling in controversy, for value, to one Wolff for the benefit of the defendants; that, in the latter part of that month, the defendant, Murray, took possession of the piling for the defendants under said trust deed, and marked the pile with a board fastened to it, which contained an inscription to the effect that the piling in the yard, formerly the property of the firm of Kirk & Liggett, was now in possession of the parties to whom the trust deed was given. It did not appear whether this trust deed was ever recorded.

This was, in substance, all the evidence. The defendants asked the court to instruct the jury that the plaintiffs were not entitled to recover, and also that the plaintiffs could not recover, in any event, more than a judgment for the possession of the property with nominal damages. The court refused these instructions, and, upon the plaintiff's request, charged the jury as follows:

"If the plaintiffs advanced money to Kirk, and Kirk bought the piling for plaintiffs, then it was plaintiffs' property and Kirk had no authority to mortgage or sell it, and such mortgage or sale to these defendants, or anybody else, carried no title with it.

"If the jury believe that Kirk was the agent of plaintiffs in buying said piling, then any mortgage given by said Kirk is a nullity and absolutely void.

"If the jury believe plaintiffs were in possession of the property mentioned in the petition on the fifth day of August, 1890, and were the owners of it at that time, and defendants took said property on the fifth day of August, 1890, and plaintiffs were damaged

thereby, you will assess such damages as the evidence shows they sustained, not to exceed $100. And in estimating said damages you will take into consideration all necessary expenses incurred by plaintiff, including attorney's fees, in the institution and prosecution of this suit, and one cent damages for the detention of the same.''

This action of the court was error. The evidence of the plaintiffs had no tendency to show that Kirk was their agent for the purpose of binding them in the purchase of piling, and there was no testimony whatever to show that the plaintiffs acquired any property in said piles before they were delivered to them, *after inspection*. This event, as above seen, did not take place until the end of July or beginning of August, 1890. As to whether, even at that time, there was such a delivery to the plaintiffs as to make the sale valid as against creditors of Kirk, is at least doubtful under the decision of the supreme court in *Stewart v. Nelson*, 79 Mo. 524. While the question of agency is usually a question of fact for the jury, that has reference merely to the *sufficiency* of the evidence. The question, whether there is *any* evidence tending to show agency for a certain purpose, is always a question of law for the court.

On the other hand, if the evidence of the defendants is to be credited, they had taken possession of the piles prior to the time when the plaintiffs claim to have taken possession of them.. It is true that the trust deed, under which the defendants claim, did not operate as constructive delivery to them, not being recorded as far as the evidence discloses. But, under the decisions of *Nash v. Norment*, 5 Mo. App. 545; *Greeley v. Reading*, 74 Mo. 309; and *Dobyns v. Meyer*, 95 Mo. 132, that omission was cured by the taking of possession. The defendants' acts of possession, as

shown by the evidence, were at least as notorious as those of the plaintiffs; hence, the court could not, as a matter of law, conclude that the plaintiffs did, and the defendants did not, take such possession as the statute touching fraudulent conveyances requires.

The instruction of the court on the measure of damages was equally erroneous. Counsel fees and expenses furnish no element of damages in this class of cases. The value of the property should be assessed as of the day of trial, and if there is any deterioration in its value between the date when taken and the day of trial, such deterioration furnishes the measure of damages for detention, and in some cases the value of the use of the property in the interim. *Hoester v. Teppe*, 27 Mo. App. 207; *Miller v. Bryden*, 34 Mo. App. 602; *Anchor Milling Co. v. Walsh*, 24 Mo. App. 97.

As the statute provides that in case of a finding for the defendants, where the plaintiff is in possession, the value of the property must be found by the jury, we will remand the cause for new trial. We suggest that, if the evidence upon the next trial should not be substantially different from that on the last trial, the court should instruct the jury that, if they found the facts as shown by the defendants' evidence, they should find a verdict for the defendants.

Reversed and remanded. All the judges concur.