FREDERICK A. GONZALES, HARRY MASON AND CHARLES BLUM, PLAINTIFFS IN ERROR, VS. THE DEFUNIAK HAVANA TOBACCO COMPANY, A CORPORATION UN-DER THE LAWS OF FLORIDA, DEFENDANT IN ERROR.

1. A plea of set-off must describe the debt intended to be set off with the same certainty as in a declaration for the like de-mand.

2. Attorney's fees and other expenses incurred in relation to the attachment, or in procuring its dissolution, are properly al-

lowed as elements of damage in actions upon attachment bonds; but fees and expenses incurred in defending the principal suit can not be allowed in the absence of statute, or a stipulation in the bond to that effect.

Writ of error to the Circuit Court for Duval county.

The facts in the case are stated in the opinion of the court.

*Walker & L'Engle*, for Plaintiffs in Error.

*J. C. Cooper*, for Defendant in Error.

CARTER, J.:

This writ of error is taken from a judgment of the Circuit Court of Duval county, rendered by a referee June 28, 1894, in an action at law to recover damages upon an attachment bond executed by Frederick A. Gonzales as principal, and Harry Mason and Charles Blum as sureties, payable to defendant in error, conditioned in accordance with the requirements of the statute to "well and truly pay all costs and damages the defendant may sustain in consequence of improperly suing out" a certain attachment against the goods and chattels of defendant in error by Gonzales. The declaration alleged the giving of the bond, the condition thereof, that the attachment was shown and proven to have been improperly sued out by the result of a trial had May 25, 1892, when Gonzales had to dismiss and did dismiss his suit on which said attachment was grafted, and with which it was connected, a part and parcel thereof, and claimed as damages sustained in consequence of improperly suing out the attachment, among other

things, certain sums for attorneys' fees, costs and expenses incurred by defendant in error. Gonzales filed a plea alleging "that the plaintiff was before and at the time of the commencement of this suit, and still is, indebted to him, the defendant, in the sum of five hundred and sixty-two dollars, together with interest thereon from June 30th, A. D. 1891, as follows: Salary due from first week in December, 1890, to January 1st, 1891, $75; salary from January 1st, 1891, to June 30th, 1891, $300; balance due on business trip to Cuba, $75; expenses for moving from Jacksonville to DeFuniak, $105; 400 cigar box labels at $1.75 per hundred, $7; which said sums of money so due from the plaintiff to this defendant as aforesaid exceeds the damages sustained by the plaintiff by reason of the suing out the attachment mentioned in its said declaration, and out of which said sums of money the defendant is ready and willing and hereby offers to set off and allow to the plaintiff the full amount of its damages suffered as aforesaid." A demurrer to this plea was sustained. The matters of law noted for argument on the margin of the demurrer were, first, one of several defendants can not set off a debt due him alone from the plaintiff against a joint, or a joint and several debts; second, the items enumerated and set forth in the plea as off sets to plaintiff's damages are stated too vaguely and generally for plaintiff to reply unto. Other pleas were subsequently filed, upon which issue was joined, one of which alleged that the attachment proceeding in which the bond sued upon was given, was ancillary to a suit in assumpsit; that no trial was had as to the sufficiency of the attachment proceeding, but that all proceedings, attorneys' fees, costs of court, fees of witnesses, &c., alleged in the declaration were had and incurred in and about the defense of

the suit in assumpsit as to which the attachment was ancillary.

The record here does not show whether the principal suit was begun by the attachment, or whether the latter was sued out after the institution of the former. The writ was levied upon certain cigars and tobacco belonging to defendant in error which remained in the hands of the officer for about ten months, when, on motion of Gonzales, the principal suit was dismissed at his cost, with an order to the officer to deliver the attached property to defendant in error. From the evidence it appears that a motion to dissolve the attachment was filed, but the grounds of this motion are not stated, nor does it appear that any expenses or attorney fees were incurred in relation thereto. From the record it appears that the attachment was *ipso facto* dissolved by the dismissal of the principal suit, and that the dismissal of the latter was a voluntary act on the part of Gonzales. The referee found that the value of the goods attached was $750; that they were not materially damaged between the time of their seizure and the delivery to defendant in error on May 25, 1892; that the measure of damages to be recovered by defendant in error was the interest on the value of the goods for the time they were in the custody of the sheriff, and costs and expenses, including attorneys' fees, of procuring the release of the property from the attachment, and rendered judgment against plaintiffs in error for $233.50. The latter moved for a new trial on several grounds, one being that it was error to charge them with liability on the attachment bond for charge, cost and expenses incurred in defense of the assumpsit suit, another that the judgment was contrary to the evidence.

Several grounds of error are assigned, but we do not

deem it necessary to pass upon any of them except those relating to the rulings upon the demurrer to the plea of set off and the motion for a new trial.

I. Without expressing an opinion as to whether the debt alleged to be due Gonzales from defendant in error can properly be pleaded as a set off by Gonzales in an action against him and his sureties upon the attachment bond, we are of opinion that the demurrer to the plea of set off was properly sustained because the plea is wanting in certainty. The plea must describe the debt intended to be set off with the same certainty as in a declaration for the like demand. 1 Chitty's Pleadings, 601; 22 Am. & Eng. Ency. of Law, p. 335; Form of plea of set off, sec. 1075, p. 386, Rev. Stats. There are no allegations in this plea equivalent to the common counts in a declaration or to special counts upon like causes of action. The items of set off are stated generally with no particulars as to the manner in which the amounts claimed became enforceable obligations between the parties. If the items sought to be set off can properly be recovered under the common counts in a declaration, the plea should be as full and explicit as the common count applicable; if they can be recovered only upon a special count, the plea should be as full and explicit as a special count would be required to be. This is necessary, that the opposite party may be advised of what he is required to meet and that he may file an appropriate replication upon which to frame issues.

II. The motion for a new trial ought to have been granted. The only evidence relative to damages claimed on account of costs, expenses and attorneys' fees was the testimony of T. F. McGourin, a witness for defendant in error. Upon his direct examination he was asked if defendant in error had been to any cost and expense

in direct consequence of the attachment and seizure of the goods. He replied affirmatively, and gave in detail the following items: Attorneys' fees. $80; six depositions at $5 each, $30; six witnesses at $1.25 each, $7.50; Wolfe's expenses, $22; McGourin's expenses, $44; total, $183.50. On cross-examination this witness stated that the "attorneys' fees were paid in defense of the main case;". that the "depositions were taken to cover testimony that was intended to be used at the hearing of the main case;" that the "expenses of Mr. Wolfe were incurred for his presence here" (in Jacksonville) "at the time of the main trial;" that "those expenses were incurred at the time that case was tried in which Mr. Gonzales was complainant and the DeFuniak Tobacco Company was defendant, in which Mr. Gonzales claimed that an amount was due him on salary." In answer to the question: "This dismissal of the case was dated May 25, 1892, were any of those costs incurred about that time?" he said, "yes, sir; I think they were all about that time, I think they were incurred by reason of that suit." Although this witness stated upon direct examination, in a general way, that these fees and expenses were incurred in direct consequence of the attachment of the goods, his cross-examination explained what he meant by that statement and developed the fact that they were all incurred in defense of the main suit and not in any proceeding to test the propriety or procure the dissolution of the attachment, thereby fully establishing the truth of one of the pleas then in issue before the referee. There was nothing to contradict the testimony of this witness, and consequently no evidence upon which the referee could properly base a finding for these items. As his finding and judgment clearly embraces them, the motion for a new trial was well taken.

The defendant in error insists that attorneys' fees

and expenses incurred in defeating the claim or cause
of action on which the attachment is based by proceed-
ings in the principal suit are proper elements of damage
in a suit upon the attachment bond.   If this be true, then
the plea to which we have referred tendered an imma-
terial issue and it may be that under these circumstances
we could properly affirm the judgment.   But the law is
otherwise.   The condition of the bond is to "pay all
costs and damages the defendant may sustain *in conse-
quence of improperly suing out said attachment,*" and this
language will not admit of damages for expenses of de-
fending the main suit.   By the great weight of authority,
while attorneys' fees and other expenses incurred in re-
lation to the attachment or in procuring its dissolution
will be allowed as damages in actions upon attachment
bonds, the fees and expenses incurred in defending the
principal suit can not be allowed, in the absence of stat-
ute, or a stipulation in the bond to that effect.   Wittich
v. O'Neal, 22 Fla. 592; Drake on Attachment, sec. 176;
Sadler v. Bean, 38 Iowa, 684; Frost v. Jordan, 37 Minn.
544, 36 N. W. Rep. 713; Alexander v. Jacoby, 23 Ohio
St. 358; Northampton Nat. Bank v. Wylie, 52 Hun,
146, 4 N. Y. S. 907; Damron v. Sweetser, 16 Ill. App.
339.

In disposing of the case upon the points presented
we do not wish to be understood as holding that the
declaration in this case states a cause of action, for un-
der the decision in Steen v. Ross, 22 Fla. 480, it is, to
say the least, doubtful whether any breach of the attach-
ment bond is alleged.   Inasmuch as the parties have not
suggested the point, and it is not entirely free from
doubt, and we find other good grounds to reverse the
judgment, we do not decide it, but leave the parties to

take such action in reference thereto in the future progress of the cause as they may deem advisable.

. The judgment is reversed and a new trial granted.