G. S. GREGORY, PLAINTIFF IN ERROR, v. R. S. WOODBERY, DEFENDANT IN ERROR.

1. Independent of a statute to that effect, counsel or attorney's fees are not recoverable as an element of damage in an action of replevin. The word "damages" in paragraph 1 of section 1724 of the Revised Statutes of 1892, is not sufficiently comprehensive to embrace the attorney's fees incurred by the plaintiff in prosecuting his action of replevin.

2. A 'motion to strike out from the declaration in an action of replevin that portion thereof which seeks to recover attorney's fees as an element of damage is the proper method of attack and should be granted.

3. Under the provisions of chapter 5191, laws of 1903, whenever a census of a city or town is taken as provided therein, such census is admissible as legal evidence of the number of *bona fide* inhabitants of such city or town in all questions wherein the same may be at issue.

4. The acts of *de facto* officials are valid as to the effect upon the public, though they may not be able to protect themselves in reference to their action.

5. In an action of replevin, where the testimony does not show any wilful wrong, fraud or malice on the part of the defendant, there is no occasion for the giving of a charge or instruction defining punitive damages.

This case was decided by Division A.

Writ of Error to the Circuit Court for Gadsden County.

The facts in the case are stated in the opinion of the court.

*E. C. Love,* for Plaintiff in Error;

*R. H. Burford* and *J. Baxter Campbell,* for Defendant in Error.

SHACKLEFORD, C. J.: This is an action of replevin instituted by the defendant in error, R. S. Woodbery, against the plaintiff in error, G. S. Gregory, in the circuit court for Gadsden county, to recover the possession of a certain mule and for damages. The declaration is as follows:

"Now comes R. S. Woodbery, plaintiff, and sues G. Scott Gregory, defendant, in this suit:

### FIRST COUNT.

For that the defendant heretofore and before the commencement of this suit on the 6th day of September, A. D. 1905, wrongfully took possession and wrongfully and unlawfully detained one stud mule known as 'Bluffer Scott,' of the value of one hundred and twenty-five dollars, the property of the plaintiff, and refused to surrender possession of said mule to the plaintiff on his demand therefor, although the plaintiff was then, and is now, the owner of the said mule and lawfully entitled to the possession of the same, and although said mule has not been taken for any tax, assessment or fine levied by virtue of any law of the state of Florida, nor seized under any execution or attachment against the property, goods and chattels liable to execution, and the plaintiff claims the return of the said mule, or its value, and one hundred and twenty-five dollars damages, for its detention.

### SECOND COUNT.

And for that whereas on the 6th day of September, A. D. 1905, defendant wrongfully detained one stud mule known as 'Bluffer Scott,' of the value of one hundred and twenty-five dollars, and refused to surrender possession of the said mule to the said plaintiff on his demand therefor although the said plaintiff was then, and is now, the owner of said mule and lawfully entitled to the possession of the same; whereby the plaintiff was put to the expense of retaining counsel to prosecute this suit to recover possession of said mule, and was thus damaged to the extent of twenty-five dollars; wherefore the plaintiff claims the possession of said mule, or its value of one hundred and twenty-five dollars, and one hundred and twenty-five dollars as damages for its wrongful detention, including a special damage of twenty-five dollars for retention of counsel in this suit."

To this declaration the defendant interposed the following motion: "Comes now the defendant in the above stated cause, by his attorney, E. C. Love, and moves the court to strike out of the second count of plaintiff's declaration so much thereof as alleges as special damages the expense of retaining counsel to prosecute this suit to recover possession of the mule alleged in plaintiff's declaration, amounting to the sum of twenty-five dollars, for the reason that such attorney's fees is not a proper and legal element of damage."

This motion was overruled by the court, whereupon the defendant filed a plea of not guilty. A trial was had before a jury, which resulted in a verdict in favor of the plaintiff, his damages being assessed at $25.00. Judgment was duly entered, in accordance with the verdict,

against the defendant for the sum of $25.00 and costs and finding that the plaintiff was entitled to the possession of the mule. To this judgment a writ of error was sued out by the defendant, returnable to the present term of this court.

Eight errors are assigned, but only two questions are presented by them which it is necessary for us to answer. The first is as to whether or not attorney's fees are recoverable by the plaintiff as an element of damage in an action of replevin. Assignments upon the denial of the motion to strike out that portion of the second count of the declaration which alleges as special damages the expense of retaining counsel to prosecute the action, upon admitting testimony, over defendant's objection, as to what would be a reasonable attorney's fee to allow plaintiff in action, upon the giving of a charge by the court, of its own motion, that "attorney's fee for the plaintiff is a proper element of damage in this case," and the refusal of an instruction, requested by defendant, that "in an action of replevin the plaintiff is not authorized to recover ——'s fees as part of his damages," all present this question.

The property was not re-delivered to defendant, and the answer to this question will depend on the determination of whether or not the word "damages" in paragraph 1 of section 1724 of the Revised Statutes of 1892, of section 2188 of the General Statutes of 1906, is sufficiently comprehensive to embrace the attorney's fees incurred by plaintiff in prosecuting his action of replevin. This paragraph is as follows:

"1. When Goods Were Not Delivered to Defendant.—If it shall appear, upon default of the defendant, or upon trial, or otherwise, that the goods described in

the declaration were wrongfully taken or detained by the defendant, and the said goods shall have been delivered to plaintiff by the officer executing the writ, the plaintiff shall have judgment for his damages caused by the taking and detention, and for his costs of suit."

The defendant admits in his brief that, "independent of our statute, attorney's fees are not recoverable as an element of damage in an action of replevin, unless the taking and detention is wilful, wanton or negligent," and cites a number of authorities to this effect. It is unnecessary to enter into any discussion of this principle or to refer to the many authorities cited to us. Upon this point the law seems to be well settled. As stated in Shinn on Replevin, section 651: "In the absence of a statute to that effect, and in the absence of evidence showing wilful wrong, fraud or malice, counsel fees, traveling expenses, hotel bills, or time lost in prosecuting or defending an action of replevin, cannot be recovered as an element of damages." Also, see Cobbey on Replevin, sections 920 and 921, 24 Am. & Eng. Ency. Law (2nd ed.), 514. A number of authorities may be found cited in the notes to these authorities. The authorities are conflic as to whether attorneys' fees are recoverable as a element of damages even in that class of cases, whether replevin or other actions, where exemplary damages are proper, in the absence of a statute. It would seem that the weight of authority is against recovery of counsel fees as such as an element of damages even in that class of cases. See instructive note collating authorities, on page 158 et seq., 8 Amer. St. Rep. We would also refer to 13 Cyc. 80 et seq. and authorities cited in notes. Be that as it may, we are not confronted with this question in the instant case, as the declaration therein does not allege

any ground for the recovery of exemplary or punitive
damages.

The plaintiff, in support of his contention, cites and
relies upon Gonzales v. DeFuniak Havana Tobacco Co.,
41 Fla. 471, 26 South. Rep. 1012, wherein it was held that
"attorney's fees and other expenses incurred in relation to
the attachment, or in procuring its dissolution, are prop-
erly allowed as elements of damage in actions upon at-
tachment bonds; but fees and expenses incurred in de-
fending the principal suit cannot be allowed in the
absence of statute, or a stipulation in the bond to that
effect." Plaintiff further contends that the statute in
regard to attachments, section 1646 of the Revised Stat-
utes of 1892, section 2110 of the General Statutes of 1906,
and the statute in regard to replevin, section 1724 of the
Revised Statutes of 1892, section 2188 of the General
Statutes of 1906, "are identical." Is this contention well
founded? We find that the attachment statute requires
as a prerequisite to the issuing of the writ the filing of a
bond "conditioned to pay all costs and damages which
the defendant may sustain in consequence of the plain-
tiff's improperly suing out said attachment." No such
provision is found in the replevin statute, the first para-
graph of which we have set out in this opinion. Again,
if the plaintiff prevails in his action of attachment, no
provision is made for his recovering attorney's fees as an
element of damages. We utterly fail to see the identity
of the two statutes, or even their analogy. The cited case
fails to support the plaintiff's contention. Neither is the
principle enunciated by this court in Wittich v. O'Neal,
22 Fla. 592, applicable, wherein it was held that "in a
suit on the bond given to obtain a temporary injunction,
counsel fees incurred by the defendant in the suit to dis-

solve such injunction are damages that may be recovered if covered by language of the bond." Counsel fees are recoverable by defendant in an action upon an attachment or injunction bond by reason of the obligation contained in the bond. As was said in Wittich v. O'Neal, 22 Fla. 592, text 599: "It seems just and right that where a party asks the interposition of the power of the courts, in advance of the trial of the merits of the cause, to deprive the defendant of some right or privilege claimed by him, even though temporarily, that if on investigation it is found that the plaintiff had no just right, either in the law or the facts, to justify him in asking and obtaining from the court such a harsh and drastic exercise of its authority, that he should indemnify the defendant, in the language of the bond, for all 'damages he might sustain,' and that reasonable counsel fees necessary to the removing of such injunction are properly a part of his damage." This language is just as applicable to an action on an attachment bond. See Gonzales v. DeFuniak Havana Tobacco Co., 41 Fla. 471, text 477, 26 South. Rep. 1012, text 1014. Also see note on page 161 of 8 Amer. St. Rep.

We are unable to read counsel fees as an element of damages into our replevin statute. We have examined all the authorities which have been cited to us by the plaintiff and the defendant, as well as a number of others, and are of the opinion that the great weight of authority is to the effect that counsel fees are not a proper element of damages in an action of replevin to be recovered by the plaintiff. In addition to the text writers already cited in this opinion, we would refer to Cowden v. Lockridge, 60 Miss. 385; Taylor v. Morton, 61 Miss. 24; Loeb v. Mann, 39 S. C. 465, 18 S. E. Rep. 1; Hatch v. Hart, 2 Mich. 289;

Jandt v. South, 2 Dak. 46, text 69, 47 N. W. Rep. 779; Trimble v. Mercantile Co., 56 Mo. App. 683; Wright v. Broome, 67 Mo. App. 32; Harris v. Smith, 132 Cal. 316, 64 Pac. Rep. 409; Winstead v. Hulme, 32 Kan. 568, 4 Pac. Rep. 994; Day v. Woodworth, 13 How. (U. S.) 363; Fairbanks v. Witter, 18 Wis. 287, S. C. 86 Amer. Dec. 765. Also see Loeb v. Mann, 39 S. C. 465, 18 S. E. Rep. 1, and Kelly v. Rogers, 21 Minn. 146.

Having reached this conclusion, it necessarily follows that these errors are well assigned. The motion to strike out that portion of the second count should have been granted for the reason that the attorney's fees claimed therein do not form a proper element of damages and are therefore not recoverable.

The second question is presented by the fifth assignment, which is as follows: "5. Because the court refused to admit in evidence the census enumeration of the town of Quincy, taken by W. C. Wilson, pursuant to a resolution of the town council to that effect, for the reason that such enumeration showed that the population of the town of Quincy was over twelve hundred, and therefore entitled the officials of said town to enforce as against non-residents, the ordinance of said town, numbered 140, prohibiting certain animals from running at large on the streets of the town of Quincy, and because by said ruling the said court deprived the said defendant of his rightful and proper defense to said action." As we understand the testimony, the mule of the plaintiff was seized by the night watchman of the town of Quincy and placed by him in the town pound for running at large on the streets of the town, in violation of a town ordinance. The defendant, who was the marshal of such town, refused to release the

mule at the request and demand of the plaintiff, unless plaintiff would either pay the pound fees due on the mule or procure an order from the mayor of the town for its release. No "wilful wrong, fraud or malice" is shown on the part of the defendant.

The town ordinance, under which the defendant claimed to be acting, was introduced in evidence by him, which became effective the 13th day of May, 1905. The plaintiff introduced A. S. Woodbery as a witness, who testified that he was the census enumerator appointed to take the census of the town of Quincy by the census enumerator for the county of Gadsden, at the time the last state census was taken, which was in July or August, 1905, that he took the census of such town and found the population thereof to be less than eleven hundred. No objection seems to have been interposed to this testimony. The defendant introduced G. W. Lamar as a witness, who testified that he was the clerk and treasurer of the town of Quincy and as such official was the custodian of the records of such town. The witness also produced and identified a resolution adopted by the town counsel of such town on the 17th day of December, 1903, providing for the taking of the census of such town and appointing W. C. Wilson census enumerator. This resolution seems to have been admitted in evidence without objection. The witness further produced and identified a paper as having been filed with him by W. C. Wilson, purporting to be the census of the town of Quincy, to which was appended the following affidavit: "Before me, Geo. D. Munroe, notary public, personally came W. C. Wilson, to me well known, who being duly sworn deposes and says that the within list of names is a true and correct list of the *bona fide*

residents of the town of Quincy on this 5th day of April,
A. D. 1904.  Said list contains the names twelve hundred
and twenty-one persons.                    W. C. WILSON.

Sworn to and subscribed to before me this 5th day of
April, A. D. 1904.        GEO. D. MUNROE (L. S.)
                                        Notary Public."

The witness further testified that the oath which the
said W. C. Wilson was required to take and subscribe to,
under and by virtue of the resolution appointing him
such census enumerator, "before entering upon such
work," had never been filed with him as clerk and treas-
urer and was not on file in his office and "he had no
knowledge whether the said W. C. Wilson ever took and
subscribed to such an oath." The plaintiff objected to the
admission in evidence of the paper purporting to be the
census report made by W. C. Wilson on the ground that
such census enumerator had not taken the oath prescribed
by the resolution before taking the census, which objec-
tion was sustained and to which ruling the defendant
duly excepted.  This forms the basis for the fifth assign-
ment.  We are of the opinion that the objection urged
against the admissibility of this census enumeration in
evidence is not well grounded and that the same should
have been overruled.  It was not shown that the census
enumerator had not taken the required oath; there was
simply no affirmative showing that he had done so.

As was said in State ex rel. Bisbee v Board of County
Canvassers Alachua County, 17 Fla. 9, text 16, "As a
reason for omitting to include the votes cast at the Dudley
Store precinct, the respondents say that the inspectors

returned to the clerk the form of the oath provided for them, signed by them, but the jurat was not signed by an officer, and therefore there was no evidence that the members of the board were sworn as provided by law. The return is otherwise irregular. The inspectors are public agents authorized to conduct the election and to certify the result. Like other official persons, having acted in a public official capacity, they occupy the position of officers *de facto,* even though they failed to return the oath duly taken.

It is entirely settled that the acts of *de facto* officials are valid as to the effect upon the public, though they may not be able to protect themselves in reference to their action." Also see Pickett v. Russell, 42 Fla. 116, 28 South. Rep. 764.

The reasoning used in these cited cases is applicable here. As to the probative force and effect of such evidence it was for the jury to determine. The question of the number of inhabitants of the town of Quincy was directly in issue in the trial of this case for the reason that under chapter 4190, laws of 1893, no town within the state of Florida with less than 1200 *bona fide* inhabitants has authority or right to impound any cattle of residents who live without the limits of its corporation. The evidence was admissible under the provisions of chapter 5191, laws of 1903, section 3 of which provides that "Whenever the said census shall be completed, the same shall be filed with the city clerk of said city or town, and shall thereupon become legal evidence of the number of *bona fide* inhabitants of said town, or city, in all questions wherein the same may be at issue." See Orange City v. Thayer, 45 Fla. 502, 34 South. Rep. 573, as to the

effect of the invalidity of an ordinance providing for the impounding of cattle.

Further discussion of the different assignments does not seem necessary. It might be well, however, to refer to Ocala F. & M. Works v. Lester, 49 Fla. 199, 38 South. Rep. 51, as to the general rule for the measure of damages in actions of replevin.

We would also add that we are of the opinion that there was no occasion for the giving of a charge defining punitive damages.

For the errors found the judgment must be reversed and a new trial awarded, and it is so ordered.

COCKRELL and WHITFIELD, JJ., concur;

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.