LEO J. BONDY, as Executor of the Estate of Marion S. Wolfe, deceased, and CLARENCE F. SIMMONS, v. ROYAL INDEMNITY COMPANY.

184 So. 241.
Division B.
Opinion Filed October 31, 1938.

*Henderson & Franklin* and *Parker Holt,* for Plaintiffs in Error;

No appearance for Defendant in Error. ·

PER CURIAM.—This case is on writ of error to a final judgment entered on a demurrer sustained to the amended declaration.

Leon J. Bondy, as Executor of the Estate of Marion S. Wolfe, deceased, and Clarence F. Simmons, filed their amended declaration against the Royal Indemnity Company on an attachment bond, on which the defendant corporation was surety.

The amended declaration alleged in substance that on June 18, 1928, J. E. Hendry and A. W. Kelly, partners in trade, doing business as the Everglades Nursery Co., instituted suit in the Circuit Court of Lee County, Florida, against Marion S. Wolfe and Clarence F. Simmons, partners in trade, doing business as Wolfe and Simmons; the said Wolfe and Simmons were residents of New York and the owners in fee simple of certain described lands (description omitted) in Lee County, Florida, and since they were not in the jurisdiction, said Hendry and Kelly caused a writ of attachment to issue against said described lands, and on June 18, 1928, filed an attachment bond, in the amount of $2,750.00, wherein said Hendry and Kelly, partners in trade, doing business as the Everglade Nursery Co., were principals, and Royalty Indemnity Co. was surety, conditioned that if said principals shall well and truly pay all costs and damages said Wolfe and Simmons, partners in trade, doing business as Wolfe and Simmons, may sustain by said principals improperly suing out said attachment, then said obligation to be void, else to remain in full force and effect; that at the trial of said suit, after the parties had submitted their evidence, the court found that plaintiffs had failed to prove the existence of the debt for which said writ of attachment was sued out and directed the jury to

return a verdict in favor of defendant; that at no time were said Wolfe and Simmons, partners in trade, doing business as Wolf and Simmons, ever indebted to said Hendry and Kelly, partners in trade, doing business as the Everglades Nursery Co., that said writ of attachment was improperly and wrongfully issued, and as a proximate result thereof said Wolfe and Simmons sustained large damages (see bill of particulars); that said plaintiffs in attachment have not paid said costs and damages nor any part thereof, and said amount with interest thereon, remains unpaid and owing; that said Marion S. Wolfe heretofore departed this life, and Leo J. Bondy duly qualified as Executor of his Estate in New York, and on January 8, 1937, said Leo J. Bondy was appointed ancillary Executor of said Estate in Florida, by the County Judge of Lee County, Florida. The declaration claimed $2,500.00 damages.

"BILL OF PARTICULARS.

"Royal Indemnity Company
    "In account with
      "Leo F. Bondy, as Executor of the
      "Estate of Marion S. Wolfe, deceased.

"To Expenses for Attorneys' fees in defending suit of J. E. Hendry and A. W. Keely, Partners in trade, doing business as The Everglade Nursery Company v. Marion S. Wolfe and Clarence F. Simmons ................................$1,000.00

"To Expense of Mr. Wolfe and Mr. Simmons, covering various trips from New York to Florida and return, to attend the trials of the case of J. E. Hendry and A. W. Kelly v. Wolfe and Simmons .............................................$1,000.00

"To Interest on above from April 10, 1936, until paid."

A demurrer was filed to this amended declaration, containing, among others, the grounds that (1) allowance for expenses and attorney's fees in connection with the wrongful attachment must be limited to the expense and attorney's fees in connection with the attachment itself, and no allowance can be made for attorney's fees or expenses in connection with defense of the principal action; and (2) Leo J. Bondy, as Executor of the Estate of Marion S. Wolfe, deceased, is improperly joined as plaintiff.

On September 27, 1937, the court entered an order sustaining the demurrer.

On February 28, 1938, the defendant made a motion that the court enter final judgment on the demurrer as sustained.

On the same date, final judgment was entered in favor of the defendant, the judgment reciting that "plaintiffs decline to amend further their declaration and insist upon same."

The sole question presented by plaintiffs in error is where property of non-residents is attached, the sole ground of attachment being the non-residence of the defendants, are the expenses of the trial, including attorney's fees, recoverable as damages for the improper and wrongful suing out of the attachment?

"The weight of authority supports the rule that in actions on attachment bonds or in tort for damages because of the wrongful suing out of an attachment, reasonable attorney's fees constitute a proper element of damages, in so far, at least, as such fees are for services rendered in relation to the attachment itself, as distinguished from services relating to the defense of the action on its merits." 25 A. L. R. 580, Note, citing cases from U. S. Supreme Court and Federal Courts, and from Alabama, California, Florida, Georgia, Idaho, Illinois, Indiana, Iowa, Kansas, Kentucky, Louisiana, Michigan, Minnesota, Mississippi, Missouri,

Montana, Nebraska, Nevada, New Mexico, New York, Ohio, Oklahoma, Utah, Washington and Wisconsin, the Florida citation being Gonzalez v. DeFuniak Havana Tobacco Co., 41 Fla. 471, 26 So. 1012; see also 71 A. L. R. 1459, Note, supplementing the above annotation and adding decisions from Oregon, South Dakota and Wyoming.

"As a general rule, attorney's fees for defending the main suit on its merits cannot be recovered as an element of damages for a wrongful attachment, the recovery of such fees being limited to those for services relating to the attachment proper." 25 A. L. R. 587, Note, citing cases from Colorado, Florida, Illinois, Iowa, Kentucky, Louisiana, Minnesota, Missouri, New York, Ohio, Utah and Washington, the Florida citation being Gonzalez v. DeFuniak Havana Tobacco Co., 41 Fla. 471, 26 So. 1012; see also 71 A. L. R. 1460, Note, supplementing the above annotation and adding decisions from the Federal Courts and California.

In the case of Gonzalez v. DeFuniak Havana Tobacco Co., 41 Fla. 471, 26 So. 1012, we said:

"While attorney's fees and other expenses incurred in relation to the attachment or in procuring its dissolution will be allowed as damages in actions upon attachment bonds, the fees and expenses incurred in defending the principal suit cannot be allowed, in the absence of statute or a stipulation in the bond to that effect." See also cases there cited.

Our statute, Sec. 5274, C. G. L., provides that "the court to which attachment is returnable shall *always* be open for the purpose of hearing and deciding motions to dissolve such attachment." The statute goes on and further provides that "in *any* case, upon oath in writing made by the defendant and tendered to the court that *any* allegation of plaintiff's affidavit is untrue, a trial of such traverse shall be had, and if the allegation in the plaintiff's affidavit which

is traversed is not sustained and proved to be true, the attachment shall be dissolved." The statute provides also that if the affidavit traverses the debt or sum demanded, "the judge *may, upon application of either party,"* require formal pleadings as to the debt or sum demanded. The statute then provides that such pleadings are to be filed in such time as the judge may fix, and the issue of fact raised by such pleadings shall be tried as hereinbefore provided, and the issue, if any, made by the affidavit as to the special cause assigned in plaintiff's affidavit shall also be tried at the same time. (Emphasis supplied.)

The condition of the bond was that Hendry and Kelly, partners in trade, doing business as the Everglades Nursery Co., should pay all costs and damages that Wolfe and Simmons, partners in trade, doing business as Wolfe and Simmons, should sustain in consequence of plaintiffs improperly suing out said attachment.

The declaration does not show by any appropriate allegation that the issues for that trial were made up under the provisions of Sec. 5274 C. G. L. for the dissolution of attachment or whether the trial was held on the merits of the case without resort to a proceeding to dissolve the attachment. In order to recover damages, including attorney's fees, for the damages consequent upon the improper suing out of the writ of attachment, the proceedings to dissolve the attachment must be begun, under the appropriate statute, as a proceeding to dissolve the attachment, and not as a trial of the case on the merits, and the declaration must show such to be true by appropriate allegations. The declaration was deficient in this respect.

The brief of plaintiffs in error did not raise the question, and the defendant in error filed no brief at all, which placed an undue burden on the Court in the matter of research, but the demurrer to the amended declaration raised the

question as to whether or not the Executor of the Estate of the deceased partner was properly joined as a party plaintiff with the surviving partner. The declaration indicated by the allegation, "partners in trade," that Wolfe and Simmons were in a general partnership, which point, however, we do not here decide. But the court below sustained the demurrer and this might have been one of the controlling factors in that decision. It is appropriate, therefore, to insert the following quotation from Burdick on Partnership:

"Notwithstanding the judicial adoption of the maxim, *Jus accrescendi inter mercatores locum non habet*, it was early decided that, upon the death of a partner, the legal remedies on behalf of the firm survive. In an action of trover, brought by the surviving partner against the converter, and in an action of account similarly brought against a factor of the firm, it was objected that the representative of the deceased partner should have been a party plaintiff; but in both cases it was held that the action must necessarily survive, 'otherwise there would be a failure of justice, because the survivors and the executors of those who were dead cannot join in the action, for that their rights are of several natures and there must be several judgments.' Upon recovery, however, it was declared to be the duty of the survivor to account to the representative of the deceased for the latter's share. Even in equity, the surviving partner is the proper plaintiff, and need not make the representative of the deceased partner a party, in an action to collect debts due the firm." Burdick on Partnership (3rd ed.) 139, Sec. 4.

See in this connection, Sec. 4215 C. G. L., which provides that upon the suggestion of the death of a co-partner of a mercantile or other firm, whether plaintiff or defendant, the cause shall proceed in the name of the survivor or survivors.

Other grounds of the demurrer were not presented by brief and argued as questions before this Court, and were not considered.

The trial court, therefore, correctly sustained the demurrer to the amended declaration, and the final judgment entered thereon, approximately five months after entry of the order sustaining the demurrer, was consequently without error, and the judgment should be and it is hereby affirmed.

Affirmed.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur.

ELLIS, C. J., and TERRELL and BUFORD, J. J., concur in the opinion and judgment.