CARROLL, CHAS., Judge.
On June 11, 1957, Norman Babel Mortgage Company, Inc., commenced an action at law in the circuit court of Dade County against Golden Heights Land Company, Inc., for damages for an alleged breach of contract. A writ of attachment was caused to be issued, and Fidelity and Casualty Company of New York became surety on the attachment bond in the amount of $48,100. The defendant moved to dissolve the attachment but there were no preliminary or separate proceedings or trial on application for dissolution, as authorized under § 76.24, Fla.Stat., F.S.A. In the trial of the case, which was held before the circuit judge without a jury, the plaintiff prevailed and obtained a judgment for $2,000. The defendant appealed to this court, which reversed the judgment with directions to dissolve the attachment. Golden Heights Land Co. v. Norman Babel Mtg. Co., Fla.App. 1958, 102 So.2d 858. Thus the attachment ultimately was dissolved in the trial court, upon the case being determined against the plaintiff upon the merits.
Thereafter the original defendant, Golden Heights Land Company, Inc., filed this ac *207 tion against the principal and the surety on the attachment bond. In the later action on the attachment bond, the trial court granted the plaintiff Golden Heights a summary judgment on liability, and the cause went to the jury on the matter of damages. The verdict for damages in favor of the plaintiff was for $6,991.27, with a separate verdict for attorney fees in the sum of $2,325, making a total of $9,316.27. Motions challenging the sufficiency of the evidence to support the verdicts, made prior to and subsequent to judgment, were denied. Judgment was entered thereon, and this appeal is taken from that judgment by Norman Babel Mortgage Company, Inc., and Fidelity and Casualty Company of New York.
Appellants filed 21 assignments of error upon which were predicated 6 points in their brief. The first question presented is whether the plaintiff alleged and showed that the attachment was “improperly issued.” Appellants argued that the dissolution of the writ of attachment, upon reversal of the judgment for the brokers, did not establish that the writ was improperly issued.
A final determination in favor of the defendant on the merits of the cause in which the writ of attachment was issued, amounting to a holding that the cause of action declared on by the plaintiff, and upon the existence of which the propriety of issuance of the writ of attachment depended was not well founded, was a breach of the required condition of the statutory attachment bond.[1] In Steen v. Ross, 22 Fla. 480, 486, it was held that a writ of attachment is “improperly issued when the plaintiff has no meritorious cause of action, of that class of actions in which the law authorizes a resort to the remedy against the defendant, * * See, also, Gonzales v. De Funiak Havana Tobacco Co., 41 Fla. 471, 26 So. 1012; Bondy v. Royal Indemnity Co., 134 Fla. 776, 184 So. 241; Drake on Attachment, § 114 (7th ed. 1891); 1 Harper & James, Torts 328 (1956). It follows that the decision on the merits against the claimant in the original case and the dissolution of the attachment which that plaintiff had caused to be issued, conferred upon the defendant in that orginal action, as the obligee under the attachment bond, a right of action for damages under the bond. The attachment had an interrupting effect on the real estate development which was being conducted by the appellee Golden Heights Land Company, Inc., and the damages which proximately resulted therefrom were the damages for which the surety company agreed to become responsible. See Fidelity & Deposit Co. of Maryland v. L. Bucki & Son Lumber Co., 189 U.S. 135, 23 S.Ct. 582,47 L.Ed. 744.
Another question raised and which merits discussion is the appellants’ third point, contending that the court erred in allowing a verdict for attorney fees as damages under the attachment bond. The appellants rely on Bondy v. Royal Indemnity Co., supra, 134 Fla. 776, 184 So. 241, and Gonzales v. De Funiak Havana Tobacco Co., supra, 41 Fla. 471, 26 So. 1012, in which it is held that in a suit for damages on an attachment bond, attorney fees for defending the main action are not recoverable, but only those attorney fees for a proceeding for dissolution of the attachment.
We consider appellee’s reliance on New Amsterdam Casualty Co. v. Utility Battery Mfg. Co., 122 Fla. 718, 166 So. 856, misplaced. The New Amsterdam case was a suit on a bond given by a complainant in a suit for receivership and accounting for alleged misappropriation of company funds and mismanagement of its affairs, brought after a final decree in the prior suit had dismissed the bill and discharged the receiver on final hearing. The *208 Supreme Court approved allowance in that suit of a proportion of the attorney fees, being the part which was incurred in procuring a discharge of the receiver, holding that “the receivership was inseparable from relief sought by the bill and the receivership was the indispensable medium through and by which to receive the relief prayed * * *(166 So. at page 859). That situation is therefore distinguishable from the one before us now where attachment was ancillary to the main action. In addition that decision can not be controlling in the light of the square holdings of the Bondy and Gonzales cases, supra, in the context of an attachment bond, which ruled out attorney fees as an element of damage under the bond unless incurred in a separate proceeding seeking dissolution of the writ. Since appellee did not attempt, via a separate proceeding, to secure dissolution of the attachment, but proceeded to a trial of the cause upon the merits, it was not entitled to have attorney fees included as damages under the attachment bond, under the settled law of this jurisdiction. Cf. Gregory v. Wood-bery, 53 Fla. 566, 43 So. 504; Pinellas Utility Bond v. Florida Power Corp., 6 Fla. Supp. 30, 34-5 (Cir.Ct.1954).
Therefore, we are constrained to hold the learned trial judge was in error in allowing the jury to include in their verdict- attorney fees as an element of damage in this case, and to that extent the judgment should be modified and amended' to eliminate therefrom the amount of $2,-325 which was based upon the separate verdict for attorney fees.
We have given careful consideration to the remaining points raised by the appellants, contesting the propriety of elements of damage, in the light of the argument and briefs and the record of the case, and conclude that those contentions of the appellants are without merit, and that no error other than that specified above as to the verdict for attorney fees has been shown. • The judgment is affirmed in part and reversed in part; .and the cause is remanded for modification of the judgment in the respect pointed out above in discussing appellants’ point No. 3, and upon being so modified and amended the decree will stand affirmed.
It is so ordered.
HORTON, C. J., and PEARSON, J., concur.

. Section 76.12, Ma.Stat., F.S.A., requires an attachment bond, “conditioned to pay all costs and damages which the defendant may sustain in consequence of the plaintiff’s improperly suing out said attachment, * * *.”