BARKDULL, Judge.
The appellant seeks review of a final judgment determining damages resulting from an alleged wrongful attachment. This order arose out of the following situation : Subsequent to the release of a writ of attachment in the original action, wherein the writ had been issued against a vessel, a third party claiming right of possession to the vessel, Miami Marine Agency, Inc., filed a petition to assess damages against the plaintiff (appellant herein), for alleged wrongful attachment and attorney’s fees incurred in causing the discharge of the writ. Thereafter, without further pleadings, the trial court proceeded to take evidence in support of the petition and awarded damages in the amount of $32,-356.26 and attorney’s fees of $3,500. It is from this final judgment that this appeal has been prosecuted. The appellant urges, and we find correctly, that the appropriate procedure for determining damages for any alleged wrongful attachment would be by an independent action at law, wherein the parties would have an opportunity to file formal pleadings and request a jury trial if desired. This position seems amply supported by the authorities. See: Norman Babel Mortgage Company v. Golden Heights Land Company, Fla.App.1960, 117 So.2d 205; Kent v. Polk Grocery Co., 131 Fla. 139, 179 So. 136; State ex rel. Stevenson v. American Surety Co., Mo.App.1934, 74 S.W.2d 1094. This fundamental defect should have been raised by pleadings in the trial court prior to judgment. However, where there is jurisdictional or other fundamental error of law, it may be noticed initially by an appellate court, even though raised for the first time by post final judgment pleadings. See: Pittman v. Roberts, Fla.App.1960, 122 So.2d 333; Florio v. State ex rel. Epperson, Fla.App.1960, 119 So.2d 305; Florida Appellate Rules, rule 3.7, subd. i, 31 F.S.A.
The appellant has also questioned whether there was established a wrongful attachment in the first place, whether the evidence as to loss of profits was competent, and whether or not the damages should extend beyond the period that the vessel in question was under attachment and, also, whether or not the attorney’s fees were proper where no proof was adduced that the release of attachment was occasioned separate from the defense of the action in chief. In order that there be no misunderstanding in any future proceedings that may be brought, the record before us fails to reveal sufficient facts to establish wrongful attachment (see: Steen v. Ross, Keen & Co., 22 Fla. 480; American Surety Co. of New York v. Florida Nat. Bank & Trust Co., 5 Cir., 94 F.2d 126), and fails to establish by competent evidence any damages sustained as a result of the loss of the use of the vessel for the period of the attachment; but does establish that damages, if any, should only be allowed for the period the vessel was actually detained. See: Engelke & Feiner Milling Co. v. Grunthal, 46 Fla. 349, 35 So. 17. The record before us is also insufficient to support an award of attorney’s fees for dissolution of the writ of attachment. Attorney’s fees are only recoverable if the dissolution was obtained in a separate proceeding maintained by the third-party claimant. They are not recoverable if the dissolution was obtained in general defense of the litigation. See: Norman Babel Mortgage Company v. Golden Heights Land Company, supra; Bondy v. Royal Indemnity Co., 134 Fla. 776, 184 So. 241.
Therefore, for the reasons above, the final judgment appealed from be and the same is hereby reversed without prejudice to the attachment-defendant seeking such remedy by independent proceedings that it deems advisable.
Reversed.