# LAKESIDE ASSOCIATES v SCHMIDT CHINA COMPANY, et al.

## Case No. CL 87-4551 AA

Fifteenth Judicial Circuit, Palm Beach County

September 4, 1987

**APPEARANCES OF COUNSEL**

**Donald R. Smith** for plaintiff.

**William B. King** for defendants.

**OPINION OF THE COURT**

VAUGHN J. RUDNICK, Circuit Judge.

*ORDER AWARDING ATTORNEYS' FEES AND COSTS*

THIS CAUSE HAS comes before the Court upon the motion by the Defendant, MANFRED SCHMIDT, for an award of attorneys' fees and costs as requested in the Defendant's Motion to Dissolve the Writ of Distress and Motion to Dismiss the Amended Complaint. A hearing was held on the Motion for Attorneys' Fees and Costs on Monday, August 24, 1987. Upon consideration of the record in this cause, after

hearing testimony on the reasonableness of the fees requested and the Court being otherwise duly advised, it is hereby

ORDERED AND ADJUDGED as follows:

1. The motion for an award of attorneys' fees and costs pursuant to Florida Statute § 83.12 is granted. The Court concludes that attorneys' fees and costs may be awarded under Florida Statute § 83.12 which provides, in pertinent part, for the posting of a bond prior to the issuance of a writ of distress which bond is "conditioned to pay all costs and damages which defendant sustains in consequence of plaintiff's properly suing out the distress." In a prior Order entered June 4, 1987, this Court dissolved the Writ of Distress issued in this case. An analysis of Florida Statute § 83.12 reveals that the language of that statute is identical to the language contained in Florida Statute § 76.12 relating to attachment bonds. It is well established in Florida that attorneys' fees and other expenses incurred in procuring the dissolution of an improperly issued writ of attachment will be allowed as damages in actions upon attachment bonds. *Bondy v. Royal Indemnity Company*, 184 So. 241 (Fla. 1938). *See, Glusman v. Lieberman*, 285 So.2d 29 (4th DCA 1973). The Court concludes that the similarity of the attachment and distress proceedings and the similarity of the provisions relating to recovery on the bonds to be posted under the respective statutes warrants the imposition of attorneys' fees and costs as damages when the Writ of Distress has been improperly sued out. The Court further determines, however, that an award of attorneys' fees is not appropriate under Florida Statute § 57.105 because of the existence of certain justiciable issues in this cause.

2. The Court finds that William B. King, Esquire, devoted 14.6 hours toward the dissolution of the Writ and to the subsequent motion by the Plaintiff for the return of a portion of the bond previously posted with the Court. The Court also finds that Timothy Hoban, Esquire, devoted 3 hours to issues involved in the dissolution of the Writ. The time devoted to this matter by the attorneys was reasonable and necessary. The Court further finds that the fees of $140.00 per hour and $100.00 per hour charged by Mr. King and Mr. Hoban respectively to the client are consistent with prevailing standards in the community and are reasonable in light of all the circumstances of this case. Therefore, the Defendant shall recover from the Plaintiff the amount of $2,404.00 in attorneys' fees.

3. The Court awards the following itemized costs to the Defendant:

**25**

(a) $100.00 for computer access charges;

(b) $20.00 for the use of a messenger service to deliver, on an emergency basis, motions to plaintiff's counsel; and

(c) $90.00 for the appearance fees of a court reporter at the hearing on the motion to dissolve the writ of distress and at the hearing on the motion for the award of attorneys' fees.

The total award of costs and attorneys' fees as set forth above is $2,614.00. This amount is deemed to constitute an award against the amount of the bond posted with the Clerk of the Court in this case. By prior Order of this Court, $28,000.00 of the original amount of the bond posted, $30,170.24, was released to the Plaintiff, Lakeside Associates. The Clerk of the Court is directed to release the amount which remains with the Court ($2,170.24) to William B. King, Esquire, counsel for the Defendant as partial satisfaction of the award set forth herein. The Defendant shall recover from the Plaintiff the remaining sum of $443.76 that shall bear interest at the rate of 12% a year for which let execution issue.

DONE AND ORDERED this 4th day of September, 1987, in West Palm Beach, Palm Beach County, Florida.