[Civ. No. 19783.   Second Dist., Div. Two.   June 16, 1954.]

MATTHEW M. FINN, Plaintiff and Appellant, v. DONALD L. WITHERBEE et al., Defendants and Appellants.

46

Edward M. Rose and David G. Licht for Plaintiff and Appellant.

Marvin Osburn for Defendants and Appellants.

MOORE, P. J.—Appellant Witherbee sued plaintiff Finn in the municipal court for rent and caused a writ of attachment to be issued and levied upon three recording machines of plaintiff. Prior to issuance of such writ, Witherbee filed an undertaking on attachment whereby appellants Lumsden and Bobnik as sureties promised to pay all costs and damages that might be sustained by Finn if he should prevail in the attachment suit, not to exceed $2,400. Thereafter final judgment was entered in favor of Finn, denying Witherbee any recovery. The instant action was subsequently filed in four counts as follows: count I against the sureties for $2,400, the amount of their undertaking and against Witherbee for $4,300, the alleged loss of value of the attached property; count II, against the same parties for the same sums except he alleged his damage to have been $5,400, the reasonable rental value for 54 days—the time the marshal of the municipal court held the recording machines; counts III and IV were respectively identical with counts I and II except that III and IV charged that Witherbee in causing Finn's property to be attached acted with malice and that such malice entitles Finn

to punitive damages. The court found against the charge of malice but found that the attachment was wrongfully levied; that Finn was deprived of the use of the three machines for eight weeks; that the reasonable rental value thereof was $375 per week; that Finn's counsel fees for effecting the attachments' release was $300, making the total damage $3,300. However, the court entered judgment against the sureties only for the sum of $2,400, the amount of their undertaking.

The defendants appeal from the judgment and the order denying their motion for a new trial. The latter order is non-appealable and the appeal therefrom will be dismissed.

Plaintiff filed his notice of cross-appeal from so much of the judgment as is adverse to the plaintiff and more particularly from the judgment in favor of Donald L. Witherbee and against plaintiff on the third and fourth causes of action and especially from the failure of the court to assess damages against Witherbee in the sum of $3,300 in conformity with the findings of fact and conclusions of law and appeals ''from that part of the judgment which fails to find malice and to assess damages therefor, in favor of plaintiff and against defendant Witherbee.''

### DEFENDANTS' APPEAL

The sureties suffered judgment not solely because Witherbee was unsuccessful in his attachment suit. Judgment went for Finn by virtue of the undertaking the sureties executed as a basis for the attachment. They there promised to pay Finn all costs and ''damages which he may sustain by reason of the attachment, not exceeding the sum specified in the undertaking.'' (Code Civ. Proc., § 539.) *Vesper* v. *Crane Co.*, 165 Cal. 36 [130 P. 876, L.R.A. 1915A 541], cited by appellants, was not a happy choice of authorities. The court denied Vesper's claim for actual damage in the absence of malice and want of probable cause. He had sued solely on those grounds and since the attachment had been issued without malice, he could not recover.

█ Defendants contend that by virtue of the fact that the recording machines had been gratuitously loaned to Finn's corporation before the attachment was levied, they had no rental value and therefore Finn was deprived of nothing. Such contention is a delusion and a snare. Because Finn exercised his liberty to loan without charge his property to another, affords no license for Witherbee or any other person to appropriate or detain it in storage. █ Whoever takes and

holds the property of another without right, is liable to the owner for the reasonable value of its use during such detention. (*Atlas Development Co.* v. *National Surety Co.*, 190 Cal. 329, 332 [212 P. 196].) *Ross* v. *Thomas*, 24 Cal.App. 734 [142 P. 102], is not pertinent. Mr. Ross had sold the property under a conditional sales agreement and held only the naked legal title thereto. The damages were suffered only by the conditional vendee in whose possession it was attached. In the case at bar there was ample proof that the reasonable rental value of the articles attached was, during their detention, $75 a day. Of the three witnesses who gave such testimony, while there was variance on the part of only one of them, he testified that he would never permit the Arcturas Lathe to be removed from his premises on a rental basis. He conceded that there might be an isolated case of its rental for less than $50 per day. The other two witnesses placed the reasonable rental value of the three machines at $75 per day. Appellants are in no position to maintain that the property unlawfully taken by the marshal had no rental value. The basis for recovery is not that it was used while *in custodia legis*, but rather because it was kept from plaintiff's possession. That the latter had offered it for sale is no hindrance to his recovery. If that were ground for invading a neighbor's garage and driving away his car, very few men could recover for the unauthorized detention of their movables for most of them are for sale. ■ Whether personal property, unjustly taken, is put to use or placed in storage, its reasonable rental value is just the same. It belongs to its owner and he is entitled to the value of its use. *Morneault* v. *National Surety Co.*, 37 Cal.App. 285 [174 P. 81], is not in point. There the owner had placed his automobile on a used-car lot for sale and had procured no license plates. It could not be operated by himself or by the wrongful taker. Therefore, it had no rental value. Neither the fact that an owner had other plans for disposing of his chattel by a speculative sale or for lending it gratis to a friend is ground for denial of his recovering its reasonable market value for the period of its detention. (*Atlas Development Co.* v. *National Surety Co.*, 190 Cal. 329, 333 [212 P. 196].)

Appellants contend that the court erred in not sustaining their demurrer to the second count for the reason that it does not state sufficient facts to constitute a cause of action against the sureties in that (1) it did not allege the promise of the sureties in the undertaking; (2) purported to state a cause

against Witherbee only in that he was the plaintiff who caused the attachment to be issued, and (3) did not allege a demand upon Witherbee. Such claims are contrary to the allegations of paragraph IV of the first count incorporated into count II. ■ The contention that a demand on Witherbee should have been alleged is without support. The sureties became liable "without demand or notice" immediately upon the default of their principal Witherbee. (Civ. Code, § 2807.) No basis is found for appellants' assertion that the second count "purported to state a cause of action against defendant Witherbee alone."

No prejudice was caused appellants by permitting an amendment to conform with the proof. ■ The only amendment was substituting paragraph "IV" for paragraph "III" in the allegation incorporating certain paragraphs of count I in count II. The permitting of such amendment was the exercise of a reasonable discretion. The context of the complaint justifies the inference that the pleader intended IV instead of III. Paragraph IV of count I contains the only narrative of Witherbee's action against·Finn in the municipal court, of the execution of the undertaking by Lumsden and Bobnik and their promise to pay the damages suffered by Finn by reason of the attachment and Witherbee's defeat in the action. The trial proceeded upon the theory that plaintiff claimed damages based upon the allegations of paragraph IV of count I, and the answer admitted the execution of the undertaking. Therefore, appellants could not have been misled by the amendment. (See *Atlas Development Co.* v. *National Surety Co., supra.*) ■ The court may authorize an amendment to a complaint to conform with the proof at any stage of a trial. (*Sandvold* v. *Perrot,* 74 Cal.App.2d 344, 348 [168 P.2d 995].) ■ If the defendants had desired to submit any additional evidence because of the amendment, it was incumbent upon them to make their offer then. (*Ibid.* p. 349.)

### THE CROSS-APPEAL

■ Plaintiff deems himself to be aggrieved by the court's refusal to award him judgment "for all the detriment proximately caused" by the acts of Witherbee and which the court found him to have suffered. While the court found his losses to have been sufficient to support a judgment for $3,300, he is sent out with a recovery of $900 less. In support of his claim he cites section 3333 of the Civil Code, decisions of the courts of sister states and 7 Corpus Juris Secundum, page

680. Although the predicament of plaintiff evokes sympathetic consideration, the attachment laws of this state were apparently not framed to oblige his wishes.

It is provided that before issuing the writ, the clerk must require a written undertaking "on the part of the plaintiff" with sureties to the effect that if defendant recovers judgment, the plaintiff will pay all costs and all damages sustained by reason of the attachment "not exceeding the sum specified in the undertaking" and if the attachment is discharged on the ground that plaintiff was not entitled thereto, the plaintiff will pay "all damages which the defendant may have sustained by reason of the attachment, *not exceeding the sum specified in the undertaking.*" While it is true that a clerk will not always be able to adjudge the sum that will fully protect the defendant, yet, if the defendant has a different idea he is at liberty to apply to the court for a bond of a larger amount. No one is in as good position as the defendant to estimate the loss he will suffer by reason of the attachment and detention of his property. ■ There is no statutory provision for a judgment against an attachment plaintiff. ■ He is not liable at common law merely because his action and attachment were unsuccessful. It is only when the attachment is levied maliciously and without probable cause that the plaintiff can be forced to pay for the detriment caused. (*Vesper* v. *Crane Co.,* 165 Cal. 36, 41 [130 P. 876, L.R.A. 1915A 541].) ■ Inasmuch as Finn did not prove malice, no judgment is authorized against Witherbee who in good faith sued to collect a claim. Therefore, Finn's only remedy was on the undertaking signed by Lumsden and Bobnik as sureties pursuant to section 539, *supra.*

Respondent's contention is that all the evidence proved Witherbee's malice. The trial court heard the parties and their witnesses and is presumed to have heard all that was said, to have seen all that was done and to have exercised a sincere judgment in determining what the facts were.

The appeal from the order denying the motion for a new trial is dismissed.

The cross-appeal for a modification of the judgment is denied.

The judgment is affirmed.

McComb, J., and Fox, J., concurred.