[Civ. No. 8491. Third Dist. Dec. 9, 1954.]

JOE GRAY et al., Respondents, v. AMERICAN SURETY COMPANY OF NEW YORK (a Corporation), Appellant.

Sterling Carr for Appellant.

Rich, Carlin & Fuidge, Rich, Fuidge & Dawson and Charles C. Dawson, Jr., for Respondents.

SCHOTTKY, J.—In April, 1949, one Alex Wilson commenced an action against plaintiffs herein for recovery of money alleged to be due from these plaintiffs to Wilson for services rendered, and caused an attachment to be levied against certain moneys on deposit to the credit of plaintiffs in a title insurance company. The undertaking on attachment was furnished by defendant American Surety Company, and the sum of $39,398.05 was held under attachment from April 18, 1949, to December 15, 1949. The action in which said attachment was issued terminated in favor of plaintiffs herein, and they thereupon instituted the present action to recover, upon the written undertaking, the damages sustained by them by reason of the attachment. One of the items of damages alleged in the amended complaint herein was $1,820.76, representing interest at the rate of 7 per cent per annum on $39,398.05 from April 18, 1949, to December 15, 1949, plus interest at 7 per cent on said $1,820.76 from December 15, 1949. The trial court, sitting without a jury, found the interest to be the amount alleged and accordingly rendered judgment for plaintiffs for $1,820.76, together with interest thereon at 7 per cent from December 15, 1949, to the date of the entry of judgment. Defendant's motion for a new trial was denied and defendant has appealed from the judgment and from the order denying its motion for a new trial.

The principal contention of appellant is that there is no evidentiary support for the judgment because respondents offered no proof as to what interest or profit could have been realized from the $39,398.05 if it had not been attached. Respondents admit that no evidence was offered to prove the value of the use of the attached money but contend that it was not necessary to do so as the legal rate of interest is fixed by our state Constitution and by statute and they were entitled to said legal rate of 7 per cent as damages for the detention of their money.

We agree with this contention of respondents. The precise question was before the Supreme Court in the early case of *Heyman* v. *Landers,* 12 Cal. 107. In that case evidence was

admitted tending to show that during the time the money was detained in court it was worth 2 per cent per month, and the trial court in its judgment allowed that amount as damages. Upon appeal the court, speaking through Mr. Justice Field, held that only the then legal rate of 10 per cent per annum fixed by statute could be recovered. The court said at page 111:

". . . The only damages which the law allows for the detention of money under its process is the legal interest. The rule of damages, in such cases, like the one which obtains in actions upon promissory notes, is a fixed and arbitrary one. The actual loss occasioned may be much greater than the interest, but the consequences beyond that the law does not inquire into (Sedgwick on Damages, chap. 8). It would indeed often be impossible to determine the actual damages resulting from the detention of money, the party entitled to it may in consequence have been compelled to borrow on ruinous rates of interest: he may have become embarrassed in his business operations, ruined in credit, and perhaps driven into insolvency; but of these possible consequences the Courts cannot take notice. The legal interest in such cases is the only measure which can be followed with certainty, and, as a general rule, with safety."

And in *Lally* v. *Wise,* 28 Cal. 539, the court said at page 543:

"At the trial the plaintiff offered to prove that money was worth one and a half per cent per month during the time that the payment of it was restrained by the injunction. The defendants objected to the evidence; the objection was overruled and the defendants excepted.

"The question of the admissibility of the evidence is concluded by *Heyman* v. *Landers,* 12 Cal. 107. It is now more than six years since that decision was made, and it has been steadily followed during the interval as a correct exposition of the law. We are far from being convinced by the very able argument submitted by counsel for the respondent, that the decision is erroneous; but, if it be so, the rule which it establishes must be changed, if at all, by the Legislature."

The rule announced in these early cases is followed in the case of *Heine* v. *Wright,* 76 Cal.App. 338 [244 P. 955]. In that case, $7,000 was attached belonging to the Heines. This money was in the Heines' savings deposit account and the bank continued to pay interest during the period of attachment. A judgment was rendered in favor of the Heines, and the Heines then brought this action for wrongful attachment

on the undertaking of attachment. The trial court rendered a judgment for the Heines against the sureties and this was affirmed. The damages represented the accrued interest on the sum attached ($7,000) at the legal rate from the date of the levy until the release. The opinion states at page 341:

". . . Thereupon Heine and wife brought these two suits for damages, one against A. L. and G. A. M. Wright as sureties on the second attachment bond, and recovered a judgment therein for the sum of $239.20, which represented the accrued interest on said sum of $7,000.00 at the legal rate, from the date of the levy of said attachment thereon until the entry of judgment, less the amount of interest paid Heine and wife by the bank on said deposit for the same period of time at the rate of four per cent. The other was commenced against the Anglo-American Land Company, as principal, and Annie L. and C. W. Wright, as sureties on the appeal bond, which was given to continue said second attachment in force pending appeal, and a judgment therein was given in favor of Heine and wife for the sum of $485.60 and costs, which represented the accrued interest on said bank deposit, at legal rate, from the date of the entry of judgment in the trial court to the date of the affirmance on appeal, less the amount of interest paid on said deposit by the bank."

(See also *Albertsworth* v. *Glens Falls Indem. Co.,* 84 Cal. App.2d 816, 825, 826 [192 P.2d 66]; 111 A.L.R. 1299, 1303; 5 Am.Jur. p. 211.)

Section 22 of article XX of our state Constitution provides:

"The rate of interest upon the loan or forbearance of any money, goods or things in action, or on accounts after demand or judgment rendered in any court of the State, shall be 7 percent per annum."

Section 1 of Act 3757 of Deering's General Laws reads:

"Legal Rate of Interest: Contract rate. The rate of interest upon the loan or forbearance of any money, goods or things in action or on accounts after demand or judgments rendered in any court of this state, shall be seven dollars upon the one hundred dollars for one year and at that rate for a greater or less sum or for a longer or shorter time."

Section 1915 of the Civil Code states:

"[Interest, what.] Interest is the compensation allowed by law or fixed by the parties for the use, or forbearance, or detention of money."

As stated in *Atlas Development Co.* v. *National Surety Co.,* 190 Cal. 329, at page 332 [212 P. 196]:

"There is no ground to question that a proper and recognized measure of damages for the wrongful taking or detention of personal property is the reasonable value of the use of the property during the period of detention. [Citing cases.]"

And as stated in the recent case of *Finn* v. *Witherbee*, 126 Cal.App.2d 45, at pages 47-48 [271 P.2d 606]:

". . . Whoever takes and holds the property of another without right, is liable to the owner for the reasonable value of its use during such detention. (*Atlas Development Co.* v. *National Surety Co.*, 190 Cal. 329, 332 [212 P. 196].) . . . Whether personal property, unjustly taken, is put to use or placed in storage, its reasonable rental value is just the same. It belongs to its owner and he is entitled to the value of its use. . . . Neither the fact that an owner had other plans for disposing of his chattel by a speculative sale or for lending it gratis to a friend is ground for denial of his recovering its reasonable market value for the period of its detention. (*Atlas Development Co.* v. *National Surety Co.*, 190 Cal. 329, 333 [212 P. 196].)"

Respondents were certainly entitled to recover from appellant surety company under the terms of the bond the damages they had sustained by reason of the detention of their money under the attachment. ■ According to the authorities hereinbefore cited it appears to be settled that the reasonable value of the use of money is the legal rate of interest thereon during the period of detention. ■ As hereinbefore set forth the legal rate of interest in California is 7 per cent per annum and no evidence is necessary to establish this fact as no evidence introduced could change the legal rate of interest as established by law.

There is no merit in appellant's contention that respondents should have minimized their damages by securing the release of their attached money by posting a bond pursuant to section 555 of the Code of Civil Procedure. Their failure to take advantage of the statutory privilege accorded them cannot relieve appellant from the obligation of its undertaking. It is true that in some cases there may be a duty to so mitigate damages where the attached personalty has an exceptionally high rental or use value. (*Radley* v. *Raymond*, 34 Wn.2d 475 [209 P.2d 305, 310]; 33 A.L.R. 1479.) ■ However, the better reasoned opinion appears to be that a right to recover damages for a wrongful attachment is not lost by the owner's failure to avail himself of his statutory right to regain possession of the property during the pendency of the

action but that under some circumstances such failure may be considered in determining the amount of damages recoverable. (164 A.L.R. 758, 759.) Moreover, an owner is under no duty to secure the release of an attachment if he is financially unable to do so. The only evidence in this respect herein was Mr. Gray's testimony that he and his son did not "have any other money at all in the world other than· this item of money that was over there under attachment" and that their only other asset was a little ranch from which they received $200 rent. In any event, if respondents should have mitigated damages by procuring a release of the attached money, the burden of so proving was upon appellant. (*Dutra* v. *Cabral,* 80 Cal.App.2d 114, 120-121 [181 P.2d 26]; *Buswell* v. *City & County of San Francisco,* 89 Cal.App.2d 123, 130-131 [200 P.2d 115].)

The judgment is affirmed.

Van Dyke, P. J., and Peek, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied February 2, 1955.