139 So.2d 175 (1962)
FLORIDA TRANSPORTATION CO., a Florida Corporation, Appellant,
v.
DIXIE SIGHTSEEING TOURS, INC., a Florida Corporation, Appellee.
CONTINENTAL CASUALTY CO., a Foreign Corporation, Appellant,
v.
DIXIE SIGHTSEEING TOURS, INC., a Florida Corporation, Appellee.
Nos. 61-188, 61-190.
District Court of Appeal of Florida. Third District.
March 27, 1962.
Rehearing Denied April 12, 1962.
Pruitt & Pruitt, Miami, for appellant Florida Transportation Co.
Carey, Goodman, Terry, Dwyer & Austin, Miami, and Joseph McGowan, Gainesville, for appellant Continental Casualty Co.
Donald G. MacKenzie and Dan G. Wheeler, Jr., Miami, for appellee.
Before PEARSON, TILLMAN, C.J., and HORTON and CARROLL, JJ.
CARROLL, Judge.
This action was brought by the appellee Dixie Sightseeing Tours, Inc., and one George Berger for damages in the circuit court in Dade County. The complaint presented a tort claim for wrongful attachment as well as a cause of action for damages on the attachment bonds.[1] The tort action *176 was in the nature of malicious prosecution and was dependent upon an allegation of maliciousness.[2] However, at the trial the charge of maliciousness was withdrawn, and the case proceeded on the remaining cause of action on the bonds.[3] The trial before a jury resulted in a verdict and judgment in favor of the plaintiff Dixie Sightseeing Tours, Inc., for $20,536 against the appellants Florida Transportation Co. and Continental Casualty Co., principal and surety on the bonds. The judgment against the surety was reduced by the trial court to $3,658, which was the total of the two bonds. The defendants separately appealed, and contend (1) that the verdict was not supported by sufficient or proper evidence of loss or damages, (2) that the charges on damages were improper and resulted in recovery for loss of profits which were uncertain and speculative, and (3) that recovery could not exceed the amount of the bonds. Those contentions have merit, and require reversal.
Florida Transportation Co. had filed two law actions in the civil court of record in Dade County. In one, against Dixie Sightseeing Tours, Inc., a bus was attached and an attachment bond was made to the defendant Dixie Sightseeing Tours, Inc., as obligee, in the amount of $1,350. In the other action in the civil court of record, by Florida Transportation Co. against Dixie Sightseeing Tours, Inc. and George Berger, another bus was attached and the attachment bond was for $2,308. There were no motions or separate proceedings to dissolve. The two actions in the civil court of record, however, were terminated on the merits in favor of the defendants, thus entitling the obligees to seek proper damages on the bonds.[4] In the present suit brought to recover damages on the attachment bonds, the amount recoverable, after withdrawal of the tort claim based on maliciousness, was limited by the amounts of the bonds.[5]
It was improper to allow damages based on the net profits which Dixie Sightseeing *177 Tours, Inc. might have earned in the sightseeing business through use of the two buses of which it was deprived. The rule of damages in such case is the use value of the attached vehicles, for the period that the attachment defendant was deprived of possession,[6] and any loss or injury which may have occurred to the vehicles as a result of the attachment. Cases dealing with this rule of damages are collected in Annot., 45 A.L.R.2d 1221. See 2 Sutherland, Damages, § 512 (4th ed. 1916); Drake, Attachments, §§ 175, 179(b) and (c), (7th ed. 1891).
In Sutherland, supra, in § 512, it is said:
"In the absence of statutes authorizing the recovery of exemplary damages the obligor and his sureties are not liable for anything beyond such actual damages as are the direct result of the attachment. The question of malice is not an issue. If an attachment has been obtained without just cause the terms of the bond secure to the defendant all costs and damages that he has sustained in consequence thereof. The condition is satisfied and its terms substantially complied with by awarding him damages adequate to the injury of the property attached and the loss arising from the deprivation of its use, together with the costs and actual expenses incurred. It is considered that the legislature did not intend to impose on the sureties in the bond a more extensive liability. The plaintiff is not bound to show malice, nor can the defendant rely for defense on probable cause. The actual damages have generally been stated to be the injury to the plaintiff by being deprived of the use of his property, or its loss, destruction or deterioration, together with the costs and expenses incurred by him in the defense of the suit. The reasonable expense of procuring and undertaking to secure the release of the attached property may be recovered.

* * * * * *
"Where property held for use and not for sale  buildings, machinery, etc.,  is wrongfully attached damages may be recovered for the loss of its use and for any injury to it by wear or tear, or negligent care while in the hands of the officer; but, no malice being shown, there can not be a recovery for supposed loss of profits from the interruption of business, nor, under the guise of depreciation in value, for injuries to business, credit and reputation resulting from bankruptcy.

* * * * * *
"* * * Depreciation of the attached personal property while in the officer's hands is a legitimate subject of inquiry with a view to damages therefor; though such depreciation be due to the negligence of the sheriff in not properly caring for it. * * *"
In Drake, supra, in § 175 the author said:
"* * * Actual damage may be properly comprehended under two heads: 1. Expense and losses incurred by the party making his defense to the attachment proceedings; and 2. the loss occasioned by his being deprived of the use of his property during the pendency of the attachment, or by an illegal sale of it, or by injury thereto, or loss or destruction thereof. * * *"
The verdict and judgment in favor of the plaintiff Dixie Sightseeing Tours, Inc. is sustained on liability, but the judgment is reversed as to damages. The cause is remanded for a new trial on damages as to both defendants. However, since the damages recoverable, limited to the attachment bonds, can not satisfy the minimum amount for jurisdiction in the circuit court, a transfer of the cause by that court to the civil court of record is indicated, as provided for by rule 1.39(b) F.R.C.P., 30 F.S.A.
Affirmed in part and reversed in part and remanded for new trial on damages.
NOTES
[1] Plaintiff Berger, owner of one of the buses attached, submitted no proof of loss or damage. A verdict, adverse to him, was directed.
[2] See 3 Fla.Jur., Attachment and Garnishment, §§ 161, 162.
[3] The record of the trial reveals the following colloquy between the attorneys and the court: "Mr. Pruitt: This bill of complaint, if you will notice it, says that we did wrongfully and maliciously sue out certain writs of attachment. Now, if we are precluded from showing that we did not do it wrongfully and that we did not do it maliciously, we are being denied proof of one of the issues.

"The Court: I do not think those allegations are essential in this complaint.
"Mr. Pruitt: They are in there. We are meeting them. We did not put them in there.
"Mr. MacKenzie: I will withdraw `maliciously.'
"Mr. Pruitt: No, we are here now on the issues raised, if the Court please.
"The Court: I do not think they have to show that it was maliciously done.
"Mr. MacKenzie: That is right."
Later, in charging the jury, the court said:
"This suit is an action on an attachment bond. * * *
* * * * *
"The Court instructs you that where a claimant has brought a writ of attachment and decision on the said attachment is brought against the claimant and the dissolution of the said attachment has been secured in such a case, the defendant shall have a right of action against a surety for damages under the bond.
"The Court instructs you that the burden of proof is on the plaintiff in his actions on the bond to prove that the attachment was improperly issued since there is a presumption that it was rightfully issued. * * *"
[4] Norman Babel Mortgage Co. v. Golden Heights Land Company, Fla.App. 1960, 117 So.2d 205; Bondy v. Royal Indemnity Co., 134 Fla. 776, 184 So. 241; Gonzales v. DeFuniak Havana Tobacco Co., 41 Fla. 471, 26 So. 1012; Steen v. Ross, (1886) 22 Fla. 480.
[5] § 76.12, Fla. Stat., F.S.A., requires an adequate bond, "conditioned to pay all costs and damages which [the defendant may sustain] in consequence of the plaintiff's improperly suing out said attachment." See Finn v. Witherbee, 126 Cal. App.2d 45, 271 P.2d 606, 45 A.L.R.2d 1215; 5 Am.Jur., Attachment and Garnishment, § 1005. See also, Drake, Attachments, §§ 153-157 (7th ed. 1891). Cf. Gonzales v. DeFuniak Havana Tobacco Company, 41 Fla. 471, 26 So. 1012.
[6] We need not consider the effect on that rule of damages if it were shown that no other sightseeing buses could be obtained to replace the ones attached, as no such circumstance was disclosed.