[Civ. No. 23570.   First Dist., Div. Three.   Feb. 21, 1968.]

ALFRED SILVA, Plaintiff and Respondent, v. NATHAN J. McCOY, Defendant and Appellant.

Fitzgerald & von der Mehden, Fitzgerald, Rattigan & von der Mehden and Lloyd von der Mehden for Defendant and Appellant.

DeMeo, DeMeo, Foster & Waner and John A. Waner for Plaintiff and Respondent.

BROWN (H. C.), J.—This is an appeal from a judgment awarding Alfred Silva damages against Nathan J. McCoy, his employer, for wrongful termination of a written contract to employ Silva as a motel manager. McCoy contends on appeal that the written contract of employment by its terms contemplated that the ownership of the lease on the motel might be transferred or assigned and that Silva was entitled to compensation as such manager only to the date of the assignment of the lease on the motel.

The facts are not in dispute.

On October 1, 1961, Silva entered into a written contract to manage the Los Robles Motel in Santa Rosa for Peter Abell and Nathan McCoy, the appellant. The employment contract provided that Silva be employed for the "full period of one (1) year" at a salary of $600 per month plus a bonus in an amount equal to 3 percent of the first $133,333 of gross receipts.

The term of employment and the provisions for discharge, if that event became necessary, were set forth in paragraph seven of the agreement which provided as follows:. "This agreement of employment shall continue for said full period of one (1) year; provided that Employers shall have the right to terminate the same in the event that Employee shall fail to

perform his duties in a faithful and reasonably competent manner. In the event Employers shall desire to terminate this contract of employment for the above cause, they shall give one full month's written notice of the termination of said employment to Employee and shall therein specify how and in what manner Employee has failed to perform his contract of employment. Employers agree to inform Employee, in advance, whenever practicable to do so, of any dissatisfaction he may have with Employee to the end that the Employee may promptly correct any condition that may require attention.

''In the event of the termination of this agreement for any reason whatsoever, such termination shall not result in the forfeiture of the bonus earned to the date of the termination.''

Pursuant to the terms of the contract respondent managed the motel from October 1, 1961, to March 15, 1962, at which time McCoy and Abell leased the premises to Neumann and Visini.* On March 5, 1962, a letter terminating the contract of employment was directed to respondent as follows: ''Alfred Silva, Los Robles Lodge, Edwards Avenue, Santa Rosa, California. Dear Al: This is to officially notify you that the employment contract between Nathan J. McCoy, Peter T. Abell and yourself dated on or about October 23rd, 1961, is hereby terminated according to the provisions contained therein. [signed] Peter Abell   Nathan McCoy.''

After leasing the premises, McCoy and Abell had no further interest in the operation of the motel. Neumann and Visini did not assume respondent's employment contract but did agree that Silva could continue as manager at a salary of $600 per month. Two important changes, however, were made in respondent's employment status. The 3 percent bonus on gross receipts was eliminated and either party could terminate the employment *on two weeks notice* without specifying a cause. Silva continued as manager for a short period; however, he was not satisfied with the new employment conditions and felt that he would lose his rights under the written employment contract if he accepted less money for doing the same work. Therefore, Silva gave notice to Neumann and

---

*The action was commenced against Peter Abell and Nathan J. McCoy (appellant) individually and as co-partners and also against Claus Neumann and Antonio Visini, individually and as co-partners. The action was subsequently dismissed as to Neumann and Visini and upon the trial it was conceded that any obligation of Peter Abell had been discharged in bankruptcy.

Visini pursuant to the oral agreement and terminated his employment on April 15, 1962.

Commencing May 1, 1962, and throughout the balance of the period covered by the employment contract, Silva worked for the Riviera Hotel in Palm Springs at a salary of $400 per month.

Appellant contends that the part of paragraph 7 which provided ''In the event of the termination of this agreement for any reason whatsoever, such termination shall not result in the forfeiture of the bonus earned to the date of the termination'' permitted the contract to be terminated for any reason and that the bonus, therefore, should be computed only to the time of such termination. Appellant argues that this view is supported by language in the agreement which contemplated from the inception of Silva's employment the possibility that appellant might dispose of his interest in the motel and that Silva might be deprived of his job. The language referred to provided: ''This agreement shall be binding upon the heirs, executors and assignees of the parties hereto.''

Appellant's contentions are without merit. The language relied upon by appellant should be construed as further protection for Silva that in no event would Silva lose the bonus provided in the agreement.

The trial court found that McCoy did not terminate the contract according to its provisions; that he did not inform Silva of the reason for such termination, and that Silva's ''employment was not terminated because of any incompetency on his part. His employment was terminated because of the leasing of the premises to NEUMANN and VISINI and their refusal to assume the employment contract.''

These findings were supported by the evidence and will not be disturbed on appeal.

The rights and duties of the parties are governed by the terms of the written instrument reflecting their transaction. Abell and McCoy could sell, transfer, assign, or lease the motel without restriction, but such transfer of interest did not extinguish their obligations to Silva under the contract. (See *Langenberg* v. *Guy*, 77 Cal.App. 664 [247 P. 621]; *Gaspar* v. *United Milk Producers of Cal.*, 62 Cal.App.2d 546, 551 [144 P.2d 867].) Abell and McCoy agreed to employ Silva, and Silva agreed to work exclusively for his employers, for the full year at the agreed salary and bonus. The obligations of plaintiff and defendants to each other were mutual and bind-

ing. The provisions in the agreement with reference to the term of employment, the salary and bonus and the manner in which defendants could discharge plaintiff were clear and unambiguous and were supported by other provisions in the agreement. The contract of employment was for a specified term and could not be terminated except for cause. (See Lab. Code, §§ 2922, 2925; *Holtzendorff* v. *Housing Authority of City of Los Angeles,* 250 Cal.App.2d 596, 609 [58 Cal.Rptr. 886, 895].)

The record discloses that Silva obtained employment in a similar capacity elsewhere immediately after leaving the employment at the Los Robles Motel. He, therefore, acted reasonably to minimize damages. (See *Gray* v. *American Surety Co.,* 129 Cal.App.2d 471 [277 P.2d 436]; *Valencia* v. *Shell Oil Co.,* 23 Cal.2d 840 [147 P.2d 558]; 14 Cal.Jur.2d, Damages, § 111, p. 731.)

The trial court correctly found that defendants wrongfully terminated the employment contract and that the measure of damages was the difference between the amount Silva would have received under the contract and that amount which Silva actually received from his other employment. (See Civ. Code, § 3300.)

The judgment is affirmed.

Draper, P. J., and Salsman, J., concurred.