[No. H002259. Sixth Dist. Feb. 13, 1987.]

MOBIL OIL CORPORATION, Petitioner, v.
THE SUPERIOR COURT OF SANTA CLARA COUNTY, Respondent;
FRANK BENEVENTO et al., Real Parties in Interest.

COUNSEL

William K. O'Brien and Norman L. Miley, Jr., for Petitioner.

No appearance for Respondent.

Wylie, Blunt, McBride, Jesinger & Sure, John McBride and Christopher E. Platten for Real Parties in Interest.

OPINION

CAPACCIOLI, J.—Mobil Oil Corporation is the named defendant in an action by Frank and Joseph Benevento arising out of their loss of a Mobil service station lease. The lease terminated when Mobil elected not to renew the underlying ground lease. The Beneventos pled three theories based in California common law: Violation of an implied covenant of good faith and fair dealing, fraud, and interference with prospective advantage. Mobil moved for summary judgment, arguing among other things that these claims are preempted by federal law. The motion was denied,; Mobil seeks review. We conclude, as a matter of law, that the Beneventos' claims were preempted. Accordingly we shall issue a peremptory writ of mandate.

In their second amended complaint the Beneventos alleged that they operated a Mobil gas station in San Jose, under written service station leases from Mobil, on premises leased from the landowners by Mobil. The Beneventos

acknowledge that each of the successive service station leases provided that the station lease would automatically terminate 30 days prior to the expiration of the ground lease. The stated term of the most recent station lease was from September 1, 1983, to August 31, 1986. The ground lease was due to expire during that term, but Mobil had an option to renew the ground lease for an additional period of five years beginning April 1, 1984. Mobil did not exercise the option. As a result the Beneventos lost their station lease in March 1984.

The Beneventos sued Mobil on the theories enumerated above. Among other things they alleged that a representative of Mobil had given them false assurances concerning the ground lease and that with respect to the ground lease Mobil had acted fraudulently, in bad faith, and with intent to disrupt the Beneventos' economic relationships with their established customers. The Beneventos sought relief including compensation for emotional distress and punitive damages.

Mobil's initial response was to remove the action to the federal district court. In federal district court the Beneventos moved to remand to the superior court, and the matter was remanded. Then Mobil demurred; respondent court overruled its demurrer. The Beneventos argue that the remand and the demurrer ruling made clear that both the federal district court and respondent court believed the Beneventos' claims were not preempted, and that Mobil's summary-judgment motion and this writ petition represent attempts to relitigate an issue already resolved. But neither these orders nor the moving papers have been made available to this court: We have been given no way to know precisely what issues were presented and resolved. Thus we have no basis on which to question respondent court's implicit conclusion that the preemption issue was properly before it on Mobil's ensuing motion for summary judgment.

In support of its summary-judgment motion, Mobil invoked the federal Petroleum Marketing Practices Act (15 U.S.C. §§ 2801-2806) (PMPA), which would define Mobil as a "franchisor," at least one of the Beneventos as a "franchisee," and the station lease as a "franchise." (*Id.* § 2801.) In part relevant to these circumstances the PMPA provides that a franchisor may terminate a franchise only in circumstances described, and only in accordance with procedures specified, in the PMPA. (*Id.* § 2802(a).) The PMPA contains detailed provisions for relief by civil action brought by the franchisee in the event a franchisor "fails to comply with the requirements of section 2802 . . ." (*id.* § 2805) and an express preemption clause which (in part pertinent to these issues) provides: "To the extent that any provision of this subchapter applies to the termination . . . of any franchise, . . . no State or any political subdivision thereof may adopt, enforce, or continue in effect any provision

of any law or regulation (including any remedy or penalty applicable to any violation thereof) with respect to termination . . . of any such franchise . . . unless such provision of such law or regulation is the same as the applicable provision of this subchapter." (*Id.* § 2806(a).)

Only one published California appellate opinion has discussed the PMPA in any detail; consistent with several federal cases, it concludes that the PMPA was enacted to protect both franchisees and franchisors, and "to promote nationwide uniformity of laws relating to the termination or nonrenewal of a franchise." (*California Arco Distributors, Inc.* v. *Atlantic Richfield Co.* (1984) 158 Cal.App.3d 349, 361-362 [204 Cal.Rptr. 743]; see also *Brach* v. *Amoco Oil Co.* (7th Cir. 1982) 677 F.2d 1213, 1216-1217; *Kostantas* v. *Exxon Co., U.S.A.* (5th Cir. 1981) 663 F.2d 605, 606.)

Mobil's motion for summary judgment developed relatively little dispute as to the underlying facts: It acknowledged that it had permitted the ground lease to expire, but tendered no factual response to the Beneventos' allegations that it had acted in bad faith, maintaining that its motivation was legally irrelevant. Respondent court denied the motion, concluding among other things that "[p]laintiffs' causes of action are not pre-empted by the Petroleum Marketing Practices Act." This writ petition followed.

A threshold question is whether the relatively narrow PMPA preemption clause (15 U.S.C. § 2806(a)) extends to common law theories as distinct from a formally codified legislative or administrative "law or regulation." As a broad generalization, any preemptive effect of a particular piece of federal legislation will extend to common law rights and remedies. (E.g., *San Diego Unions* v. *Garmon* (1959) 359 U.S. 236, 244 [3 L.Ed.2d 775, 782, 79 S.Ct. 773] (NLRA).) Most of the reported decisions of federal district judges who have considered the issue have agreed that common law theories and remedies *are* preempted by the PMPA. (E.g., *Continental Enterprises, Inc.* v. *American Oil Co.* (W.D. Mo. 1986) 628 F.Supp. 126, 128-130 (citing several of the earlier cases); *Graeber* v. *Mobil Oil Corp.* (D.C.N.J. 1985) 614 F.Supp. 268, 271; *Siecko* v. *Amerada Hess Corp.* (E.D.Pa. 1983) 569 F.Supp. 768, 773; *Huth* v. *B.P. Oil, Inc.* (D. Md. 1983) 555 F.Supp. 191, 194; *Meyer* v. *Amerada Hess Corp.* (D.N.J. 1982) 541 F.Supp. 321, 332; *Nesheiwat* v. *Mobil Oil Corp.* (C.D.Cal. 1984) Bus. Franch. Guide (CCH) ¶ 8283.) This narrow issue appears not to have been directly addressed in any reported California decision.

*California Arco Distributors, Inc.* v. *Atlantic Richfield Co., supra,* 158 Cal.App.3d 349, 365-366, states a relatively broad rule of preemption under the PMPA. In our view the purposes of the federal statute, as stated in

*California Arco Distributors,* support a conclusion that the PMPA does preempt common law rights and remedies.

The Beneventos do not contest this conclusion. Instead they maintain that the subject-matter of their action is outside the purview of the PMPA, arguing that they "do not base their claims on the non-renewal or discontinuation of *their* contract with Mobil[. R]ather, all three claims are premised upon Mobil['s] alleged action *extraneous* to the franchise relationship, that is, Mobil's fraudulent conduct, *coupled with* Mobil's alleged intent to frustrate plaintiffs' enjoyment of their economic rights." The Beneventos insist that these are "extraneous" *tort* claims rather than "a contract claim under the PMPA for non-renewal of their franchise agreement." For this proposition they cite *Nesheiwat* v. *Mobil Oil Corp., supra,* presumably relying on a narrow reading of the federal district judge's conclusion that "[c]ommon law claims including fraud or contract claims, are included in the scope of preemption under the PMPA *to the extent they purport to apply to issues of franchise termination or nonrenewal contrary to the effect of the PMPA.*" (Bus. Franchise Guide, *supra,* at pp. 14,939-14,940 (italics added).) To support their purview argument the Beneventos rely on precedents from the highly developed caselaw of preemption under the federal labor statutes. (E.g., *San Diego Unions* v. *Garmon, supra,* 359 U.S. 236; *Farmer* v. *Carpenters* (1977) 430 U.S. 290 [51 L.Ed.2d 338, 97 S.Ct. 1056].) Finally, the Beneventos cite the accepted proposition that " '[t]he federal Act does not preempt all state laws regulating petroleum franchises; rather it merely supplants those provisions which are different from the PMPA.' " (*California Arco Distributors, Inc.* v. *Atlantic Richfield Co., supra,* 158 Cal.App.3d 349, 359.)

Mobil's response is that the Beneventos cannot avoid a conclusion that in essence each of their claims is for the termination of their franchise. We agree: Termination of the ground lease, for whatever purposes and with or without honest disclosure, was significant to the Beneventos only because it worked a termination of the franchise. The courts have perceived, and the language and legislative history of the PMPA support, a congressional intent that claims which, in the last analysis, are for assertedly improper termination of a petroleum franchise be brought only under the PMPA or local law which is "the same as" the PMPA. Only in this way can some semblance of uniformity in the treatment of such claims be assured.

The California common law remedies are not the same as those available under the PMPA. Two significant differences are immediately obvious: Under the PMPA, "[t]he question of whether to award exemplary damages and the amount of any such award shall be determined by the court and not by a jury" (15 U.S.C. § 2805(d)(2)), and "the court may, in its discretion, direct that reasonable attorney and expert witness fees be paid by the

franchisee [here, the plaintiffs Benevento] if the court finds that such action is frivolous" (*id.*, § 2805(d)(3)).

We conclude that the Beneventos' claims are preempted by the PMPA and therefore cannot be maintained under California law.

Our conclusion renders it unnecessary for us to consider Mobil's additional contentions.

The procedural requirements for a peremptory writ in the first instance have been met. (*Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 177-178 [203 Cal.Rptr. 626, 681 P.2d 893].)

Let a peremptory writ of mandate issue directing respondent Superior Court of Santa Clara County to vacate its order in action 549001, Benevento et al. v. Mobil Oil Corporation et al., denying Mobil Oil Corporation's motion for summary judgment and to enter a new order granting summary judgment for Mobil Oil Corporation.

Agliano, P. J., and Brauer, J., concurred.

A petition for a rehearing was denied March 11, 1987, and the petition of real parties in interest for review by the Supreme Court was denied May 14, 1987. Mosk, J., was of the opinion that the petition should be granted.