**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARILYN JO CHINIVASAGAM, | No. 11-15645 |
| Plaintiff-counter-defendant - Appellant, | D.C. No. 5:09-CV-03136-JW |
| v. | MEMORANDUM[*] |
| EQUILON ENTERPRISES, LLC, a Delaware limited liability company, DBA Shell Oil Products U.S., | |
| Defendant-counter-claimant - Appellee, | |
| PALAMAS INVESTMENTS, INC., a California corporation, | |
| Counter-defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
James Ware, District Judge, Presiding

Argued and Submitted October 19, 2012
San Francisco, California

_____

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: D.W. NELSON, N.R. SMITH, ** and MURGUIA, Circuit Judges.

Marilyn Jo Chinivasagam appeals the district court's (1) grant of summary judgment to Equilon on Chinivasagam's Petroleum Marketing Practices Act claim, (2) denial of Chinivasagam's motion to dismiss Equilon's state law claims, (3) grant of summary judgment to Equilon on its conversion claim and (4) award of attorneys' fees to Equilon. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

The district court did not err in granting summary judgment to Equilon on Chinivasagam's complaint. The Petroleum Marketing Practices Act ("PMPA") "establishes minimum federal standards governing the termination and nonrenewal of petroleum franchises," *Mac's Shell Serv., Inc. v. Shell Oil Prods. Co.*, 130 S. Ct. 1251, 1255 (2010), and enumerates the circumstances in which a franchisor may terminate a franchise, 15 U.S.C. § 2802. Equilon lawfully terminated the franchise based on its loss of the underlying lease and complied with the statutory requirements for termination. *See* 15 U.S.C. §§ 2802(b)(2)(C), 2802(c)(4), 2804(a)(2). Equilon was not required to make a bona fide offer to sell its improvements to Chinivasagam, *id.* § 2802(c)(4)(C), because Palamas Investments,

** Judge N.R. Smith was drawn to replace Judge Betty Binns Fletcher. Judge Smith has read the briefs, reviewed the record and listened to oral arguments that were held on October 19, 2012.

2

not Chinivasagam, acquired possession of the property when the lease expired, *Union Bank v. Anderson*, 283 Cal. Rptr. 823, 827 (Cal. Ct. App. 1991).

The district court also did not err in denying Chinivasagam's motion to dismiss Equilon's counterclaim. The PMPA preempts "*all* state law inconsistent with" it. *Atl. Richfield Co. v. Herbert (In Re Herbert)*, 806 F.2d 889, 892 (9th Cir. 1986) (emphasis in original); *see also* 15 U.S.C. § 2806(a). But this preemptive effect applies "only [to] those state or local laws that govern the termination of petroleum franchises or the nonrenewal of petroleum franchise relationships." *Mac's Shell Serv.*, 130 S. Ct. at 1260. Equilon's state law claim for conversion does not relate to the PMPA's regulation of the termination or nonrenewal of petroleum franchise agreements. *See Mobil Oil Corp. v. Superior Court*, 234 Cal. Rptr. 482, 484–85 (Cal. Ct. App. 1987).

The district court correctly granted summary judgment to Equilon on its state-law counterclaim for conversion. All of the elements of conversion exist: (1) Equilon's ownership right in the improvements it made to the property; (2) the unlawful exercise of control over Equilon's personal property; and (3) damages. *See Plummer v. Day/Eisenberg, LLP*, 108 Cal. Rptr. 3d 455, 460 (Cal. Ct. App. 2010). The district court reasonably calculated damages at ten percent of the

reasonable rental value of the property.  *See Finn v. Witherbee*, 271 P.2d 606, 608–10 (Cal. Ct. App. 1954).

Finally, the district court did not abuse its discretion in awarding attorneys' fees and costs to Equilon.  Where a contract contains an explicit fees provision, the prevailing party is entitled to reasonable attorneys' fees fixed by the court. Cal. Civ. Code § 1717(a).  The district court reviewed Equilon's time records for reasonableness, *Chalmers v. City of L.A.*, 796 F.2d 1205, 1210 (9th Cir. 1986), and then calculated fees using the lodestar method, *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996).

**AFFIRMED.**